

# THE ATTORNEY GENERAL.

## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~JOHNXXXXXXYYXEDGXXEAD~~

ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Civil Courts Building
Houston, Texas

Dear Sir:

Opinion No. O-1995
Re: Terms of office of school
trustees in school districts
created under Art. 2758, R.C.S.,
1925

We are in receipt of your letter of February 23, 1940, in which you request the opinion of this Department as to whether an independent school district created and organized in 1938 under the provisions of Articles 2757 and 2758, Revised Civil Statutes, 1925, should elect their trustees for two year terms under the provisions of Article 2758 or for three year terms under the provisions of Article 2774a, Vernon's Texas Civil Statutes (Acts 1930, 41st Leg., 5th C.S., p. 212, Ch. 66, as amended Acts 1933, 43rd Leg., p. 100.)

Article 2757, Revised Civil Statutes, 1925, as amended, Acts 1927, 40th Leg., p. 353, Ch. 238, provides for the incorporation of a common school district containing seven hundred inhabitants or more which may or may not include within its bounds any town or village incorporated for municipal purposes, the same not having assumed control of the public free schools within its limits.

Article 2758, as amended, Acts 1927, 40th Leg., p. 353, Ch. 238, provides for the election of trustees for such districts for two year terms and provides the method of determining those of the first trustees whose terms shall expire in one year and those whose terms shall extend for the full two year period.

Acts 1930, 41st Leg., 5th C.S., p. 212, Ch. 66, (Article 2774c, Vernon's Texas Civil Statutes) was apparently designed to change the terms of office of school trustees of various districts from two to three years following the adoption of Article VII, Section 16, of the Texas Constitution in 1928. The title of this act states that it is to provide for the appointment or election and term of office of school trustees in all independent districts having fewer than seventy-five thousand population by the

Federal Census of 1920, and all consolidated and rural high school districts.  It also states that it is its purpose to adjust the terms of office of trustees then in office; provide for filling vacancies; and provide for the date of the first election under the Act.

Section 1 is by its own terms applicable only to towns and cities which had theretofore chosen their trustees by appointment of the city council or board of aldermen and provides that in such districts three trustees shall serve for one year, two trustees for two years, and two trustees for three years; and each year thereafter, the terms of the trustees shall be three years.  It is also provided that an election may be held in such towns or cities to determine whether the trustees shall be elected instead of appointed.

Section 2 provides for the election and term of office of such trustees in the event it is determined that they shall be elected instead of appointed.

These two sections do not apply to independent school districts generally but are only applicable to the particular type of district therein described which does not include an independent district created under the terms of Article 2757.

Section 3 applies only to consolidated school districts and Section 4 applies only to rural high school districts.  Neither of such sections could be applicable to independent districts created under Article 2757.

Section 5 provides in part as follows:

"The first election under the provisions of this Act shall be held on the first Saturday in April, 1931.  In all independent districts not having included within their boundaries a city or town whose population exceeded 75,000 as shown by the Federal Census of 1920, and in all consolidated and rural high school districts in which the term of office of three elective trustees expire in 1931 their successors shall be elected for a term of three years. . . . In all such districts in which the term of office of four elective trustees expire in 1932 after their successors are elected they shall determine by lot which two members shall serve for one year and which two members shall serve for three years.  Those members drawing numbers 1 and 2 shall serve for one year; those members drawing numbers 3 and 4 shall serve for three years, and annually thereafter, either three trustees or two trustees, as the case may be, shall be elected to serve for a term of three years.

"In all such independent consolidated and
rural high school districts in which the terms of
office of four elective trustees expire in 1931,
their successors shall determine by a lot which two
shall serve for two years and which two shall serve
for three years. Those members drawing numbers 1
and 2 shall serve for two years and those members
drawing the numbers 3 and 4 shall serve for three
years, and annually thereafter either three trustees
or two trustees shall be elected to serve for a term
of three years."

Section 6 provides:

"In all independent school districts in which
the trustees are appointed under the provisions of
Article 2774, Revised Civil Statutes, 1925, the terms
of office of those appointed to fill the terms expir-
ing in 1931 and 1932 shall be adjusted by the appoint-
ing power into short and long terms as in the case of
elected members as provided in Section 2 of this Act
and annually thereafter three trustees or two trustees
shall be appointed to serve for a term of three years."

Each of the sections, 1 to 4 inclusive, is clearly prospective
and purport to prescribe and establish a general rule applicable to all
districts coming within the classification of those sections whether then
in existence or thereafter created. Sections 5 and 6 do not, however,
purport to establish a general rule as in the preceding sections but by
their specific language are for the purpose of adjusting the terms of
office of those school trustees then in office. They provide for the
change over from two year terms to three year terms in the elections to
be held in 1931 and 1932 and as we construe section 5, it is not suffici-
ent and does not purport to establish three year terms for all independ-
ent school districts indiscriminately and repeal Article 2758 by implica-
tion.

It is too well settled to require a citation of authority that
repeals by implication are not favored by the courts and a statute will
not be given such construction unless the legislative intention clearly
appears from the language of the Act itself.

It is our opinion that the terms of office of school trustees
for a school district created and incorporated under the provisions of

Article 2757, Revised Civil Statutes, 1925, in 1938 should be determined by the provisions of Article 2758, Revised Civil Statutes, 1925, and not by the provisions of Article 2774a.

We express no opinion upon the constitutionality of Article 2774a, Vernon's Texas Civil Statutes, or any provision therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:N:egw

APPROVED MAR 18, 1940

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Approved Opinion
Committee: By BWB
Chairman

O.K. G.R.L.